M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
Karen L. Hanks, Esq.
Nevada Bar No. 9578
MESSNER REEVES LLP
8945 W. Russell Road, Ste 300
Las Vegas, Nevada 89148
Telephone:      (702) 363-5100
Facsimile:       (702) 363-5101
E-mail: cmeyer@messner.com
           rfinch@messner.com
           khanks@messner.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA LOURN, individually<br><br>Plaintiff,<br><br>vs.<br><br>NORMAN GALANSKI, BLACK STONE ASPHALT CONSTRUCTION INC; DOE OWNERS I-V; DOE DRIVERS I-V; ROE EMPLOYER; and ROE COMPANY,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT** |

TO:     THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

PLEASE TAKE NOTICE that Defendants, Normal Galanski and Black Stone Asphalt Construction, Inc. have removed to the United States District Court for the District of Nevada all claims and causes of action in the civil action styled *Barbara Lourn v. Norman Galanski et al.*, Case No. A-21-840822-C ("State Court Action") now pending in the Eighth Judicial District Court, Clark County, Nevada pursuant to 28 U.S.C. §1332. A copy of all process, pleadings and orders served upon defendants to date in the State Court Action are attached as **Exhibit A.**

Defendant's grounds for removal are as follows:

1. Defendants were served with the complaint on or about September 21, 2021.

2. Thirty days have not elapsed since receipt of the complaint by Defendants upon whom it was served and one year has not elapsed since the commencement of this action. Defendants have not answered or pled responsively to the complaint.

3. Pursuant to 28 U.S.C. §1332(a), the district courts of the United States shall have original jurisdiction of all civil actions where the controversy involves a sum that exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Here, Plaintiff is a citizen of Clark County, Nevada. Defendant, Norman Galanski is a citizen of Kern County, California and Defendant Black Stone Asphalt Construction, Inc. is a California corporation, with its principal place of business in Bakersfield, CA. also located in Kern County, CA. While Plaintiff's complaint alleges damages in excess of $15,000, records produced prior to filing suit indicate Plaintiff is claiming a total of $66,293.00 in medical specials, and pain and suffering damages in excess of $15,000, making the amount in controversary in excess of $75,000.

4. As such, Defendants hereby remove this action to the United States District Court, District of Nevada.

5. The Clerk of the Court for the Eight Judicial District, Clark County, Nevada from which this action is removed, and Plaintiff's counsel, shall promptly be given written notice that the Notice of Removal has been filed and shall be provided a copy of the Notice of Removal.

WHEREFORE, Defendants request that this Notice of Removal be accepted as sufficient for removal of this action to this Court.

DATED this 11th day of October, 2021.

**MESSNER REEVES LLP**

*/s/ Karen L. Hanks*

Karen L. Hanks, Esq.
Nevada Bar No. 9578
8945 W. Russell Road, Ste 300
Las Vegas, Nevada 89148
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify I am an employee of MESSNER REEVES LLP, and on this 11th day of October, 2021, I served a copy of the foregoing **NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT** upon the following via electronic service through the United States District Court for the District of Nevada's ECF system and/or U.S. Priority Mail.

Daniel R. Price
Christopher Beckstrom
PRICE BECKSTROM, PLLC
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiff*

/s/ *Jackie Olivo*
Employee of MESSNER REEVES LLP

# EXHIBIT A

EXHIBIT A

Electronically Filed
9/10/2021 8:32 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Daniel R. Price (NV Bar No. 13564)
Christopher Beckstrom (NV Bar No. 14031)
PRICE BECKSTROM, PLLC
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 941-0503
Fax: (702) 832-4026
info@pbnv.law
*Attorneys for Plaintiff*

CASE NO: A-21-840822-C
Department 5

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BARBARA LOURN, individually<br><br>Plaintiffs,<br><br>v.<br><br>NORMAN GALANSKI, BLACK STONE ASPHALT CONSTRUCTION INC; DOE OWNERS I-V; DOE DRIVERS I-V; ROE EMPLOYER; and ROE COMPANY,<br><br>Defendants. | Case No.:<br><br>Dept. No.: |

## **COMPLAINT**

COME NOW the Plaintiffs, BARBARA LOURN ("BARBARA"), by and through counsel, Christopher Beckstrom, Esq., and Daniel R. Price, Esq., of the law firm of PRICE BECKSTROM, PLLC, and for his causes of action against the Defendants, and each of them, alleges as follows:

1. The substantial events giving rise to this suit, including the motor vehicle collision described herein, took place in Clark County Nevada.

2. That Plaintiff was at all times relevant to this action a resident and citizen of Clark County, Nevada.

3. Upon information and belief, that at all times relevant to this action Defendant NORMAN GALANSKI is and was a resident of Kern County, California, and was driving the

— 1 —

automobile owned by Defendant BLACK STONE ASPHALT CONSTRUCTION INC., and/or Defendant DOE OWNERS I-V at the time of the collision.

4. That at all times relevant to this action, Defendant NORMAN GALANSKI was the driver of the vehicle owned by Defendant BLACK STONE ASPHALT CONSTRUCTION INC., and was acting in the course and scope of his or her employment with Defendant BLACKSTRONE ASPHALT CONSTRUCTION INC., at the time of the events described herein.

5. Upon information and belief, Defendant BLACK STONE ASPHALT CONSTRUCTION INC. is a California corporation.

## GENERAL ALLEFATIONS COMMON TO ALL CLAIMS

6. Plaintiff repeats and realleges the allegations as contained in the preceeding paragraphs herein, and incorporates the same by reference.

7. That on or about November 22, 2020, Plaintiff Barbara Lourn was operating and driving a 2012 Acura TL Sedan (hereinafter referred to as "Plaintiff's Vehicle") on Las Vegas Boulevard near the Las Vegas South Premium Outlets.

8. At that same time and location, Defendant Norman Galanski and/or Defendant DOE DRIVERS I-V, was operating and driving a 2007 Chevrolet K23 HD (hereinafter referred to as "Defendant's Vehicle").

9. Upon information and belief, Defendant NORMAN GALANSKI did not pay adequate attention to his surroundings, did not keep a proper lookout, executed an unsafe lane change, and/or broke other traffic laws and standards, causing his vehicle to strike the driver side of the Plaintiff's Vehicle.

10. The collision injured the Plaintiff.

11. The collision occurred in Clark County, Nevada.

— 2 —

12.     That at the time of the collision herein complained of, and immediately prior thereto, Defendants, and each of them, in breaching a duty owed to PLAINTIFF, were negligent and careless, inter alia, in the following particulars:

    A.  In failing to keep Defendant's Vehicle under proper control;

    B.  In operating Defendant's Vehicle without due caution for the rights of the Plaintiff;

    C.  In failing to keep a proper lookout for Plaintiff's Vehicle;

    D.  In failing to obey all traffic control devices;

    E.  Negligent entrustment;

    F.  Vicarious liability through the operation of NRS 41.440 and/or the family purpose doctrine;

    G.  Respondeat superior;

    H.  In executing an unsafe lane change;

    I.  The Defendants, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances and were thus negligent *per se*, and PLAINTIFF will pray leave of Court to insert the exact citations of any other violations at the time of trial.

13.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, PLAINTIFF, suffered physical injury and were otherwise injured in and about their necks, backs, legs, arms, organs, and/or systems, and were otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to their individual damage in amounts in excess of $15,000.00.

14.     As a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, all

of which Plaintiff will claim as medical special damages for medical bills incurred as a direct and proximate result of the motor vehicle collision described herein, and leave of Court will be requested to include said additional damages when the same have been fully determined.

15. Prior to the injuries complained of herein, PLAINTIFF was able-bodied, capable of being gainfully employed and capable of engaging in all other activities for which PLAINTIFF was caused to be disabled and limited and restricted related to occupation and activities, which caused PLAINTIFF a loss of wages in an amount unascertainable at this time, and/or diminution of PLAINTIFFS' earning capacity and future loss of wages, all to their damage in a sum not yet presently ascertainable, the allegations of which PLAINTIFF pray leave of Court to insert herein when the same shall be fully determined.

16. PLAINTIFFS have been required to retain the law firm of PRICE BECKSTROM, PLLC to prosecute this action, and are entitled to a reasonable attorney fee award.

WHEREFORE, Plaintiffs, expressly reserving the right herein to include all items of damage, demand judgment against the Defendants, and each of them, as follows:

**PRAYER FOR RELIEF**

1. General damages for each Plaintiff, in an amount in excess of $15,000.00;

2. Special damages for each Plaintiff's medical and miscellaneous expenses as of this date, as set forth above, plus future medical expenses and the miscellaneous expenses incidental thereto;

3. Special damages for the damage caused to Plaintiff's Vehicle, diminished value, and for the loss of use of that vehicle;

4. Lost wages and diminished earning capacity;

5. Costs of this suit;

6. Attorney's fees;

7. Pre- and post-judgment interest; and

8. For such other and further relief as to the Court may seem just and proper.

Dated this 10th day of September, 2021.

                                                */s/ Daniel Price*

Daniel Price (NV Bar No. 13564)
PRICE BECKSTROM, PLLC
1404 S. Jones Blvd.
Las Vegas, Nevada 89146